# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MS. TERESA POLITE**                                                                                 **PLAINTIFF**

**v.**                                         **NO.:  5:11-CV-0252 SWW**

**CHILD DEVELOPMENT INC.**                                                              **DEFENDANT**

## PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

On this 5th day of April, 2012, the Court reviewed the pleadings regarding a Protective Order in this case, and makes the following Orders:

1.  Confidential Information, as later defined herein, and produced by either party or pursuant to a release for medical or employment records in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as herein defined.

2.  Confidential Information shall be deemed to include, without limitation:

    a)  Personnel records of current and former non-party employees, medical records and reports of current and former non-party employees, financial records, Company policies, Company financial information, proprietary information, customer information, account information, trade secrets, operational methods and other matters now requested or hereinafter requested by the parties or relating to the operation and organization of Defendant and such other information as may be deemed by this Court to be relevant or material herein.

    b)  Plaintiff's medical and tax records, and other private documents and information requested by Defendant as may be deemed by the Court to be relevant or material herein.

        c)      Any information concerning such as set forth in 2(a) and 2(b) herein above as may be, from time to time, produced by the parties herein or third parties and designated by the party at the time of production to be "Confidential Information" and subject to this Order. Such designation is to be made by marking the documents "CONFIDENTIAL." Any document so marked shall not be disclosed to any person except as may be permitted by this Protective Order. The designation of any document as "CONFIDENTIAL" will be made in good faith.

    3.    In the event that personal, confidential, or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential information by conspicuously stamping the interrogatory answer with the word "CONFIDENTIAL." The parties may also designate deposition testimony that reveals personal or confidential information as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Protective Order.

    4.    The parties will redact Social Security numbers from any documents produced in the course of this litigation. However, they reserve the right to file a motion to produce with the Court should same become relevant to this litigation. The parties agree that they shall exercise reasonable care not to disclose Social Security numbers or home addresses by placing them in the public record of this case.

    5.    Except with the prior written consent of the party or pursuant to further Order of this Court on motion with notice to the party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include:

        a)      the parties;

        b)      any current or future counsel of record for the parties in this action; secretaries, paraprofessional assistants, and other employees of such

        counsel who would be actively engaged in assisting counsel in connection with this action;

c)    witnesses, including but not limited to persons requested by counsel to furnish technical or other expert service, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action; and

d)    The Court and its personnel, including the stenographic reporters not regularly employed by the Court who are engaged by the parties or the Court during the litigation of this case.

The parties agree that if Confidential Information is disclosed to witnesses or prospective witnesses during trial preparation, depositions, or the actual trial proceedings, the disclosing party will advise the recipient of the information that he/she must keep the information confidential except during depositions or the actual trial proceedings.

6.    This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. At the conclusion of this action, including all appeals:

a)    At the end of three (3) years following the conclusion of this case, counsel may destroy the Confidential Information or, prior to the expiration of the three (3) year deadline, counsel may take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part, by requesting the return of all copies of such Confidential Information and paying reasonable expenses for the return of the documents.

      b)    Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding except as referenced in Paragraph 3 above.

7.    Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

8.    Such Confidential Information as may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal.  Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

IT IS HEREBY SO ORDERED this 5th day of April 2012.

/s/Susan Webber Wright  
UNITED STATES DISTRICT JUDGE