IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

|  |  |  |
|---|---|---|
| TERESA POLITE, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | NO: 5:11CV00252 SWW |
| | * | |
| CHILD DEVELOPMENT, INC., | * | |
| | * | |
| Defendant | * | |

**ORDER**

Before the Court is defendant's motion for sanctions and dismissal for failure to prosecute. Plaintiff responded and filed a motion for sanctions and for disciplinary actions. For the reasons stated below, the Court grants defendant's motion for sanctions. Plaintiff is ordered to pay defendant $2,289.17 in fees and costs within twenty-one (21) days from the date of entry of this Order. Failure to do so will result in dismissal of this action. Because plaintiff presents no basis for imposing sanctions on or bringing disciplinary actions against defendant, her motion is denied.

On April 24, 2012, plaintiff failed to attend her deposition scheduled for 9:00 a.m. at defendant's counsel's office in Little Rock. Later that day, after calling the Court's chambers, plaintiff filed a motion asking that her deposition be postponed until the day of the trial, claiming she had financial and transportation issues. On May 22, 2012, the Court denied plaintiff's motion to continue her deposition until the trial date and stated plaintiff must sit for a deposition no later than June 15, 2012. The Court also directed plaintiff to provide defendant with a signed employment records release within seven days. Defendant's counsel sent plaintiff an amended

notice of deposition on May 22, by regular and certified mail, scheduling her deposition for Tuesday, June 5, 2012, in Pine Bluff.  The certified letter was delivered on May 25, 2012.  On May 29, 2012, plaintiff filed a motion for sanctions and requested that her scheduled deposition be moved from Pine Bluff to Desha County, Arkansas.   On June 1, 2012, the Court denied the motion. The Court stated plaintiff presented no basis for imposing sanctions on defendant, and that plaintiff's failure to comply with the Court's order to sit for a deposition and provide a release for employment records could result in dismissal of her lawsuit.  Plaintiff did not attend the deposition on June 5 and did not provide the release.

Plaintiff says that on June 12, she called counsel for defendant to tell her she would be able to meet with counsel on June 15, 2012.  Defendant's counsel was not in the office and plaintiff left a voice message.  Plaintiff then wrote a letter to defendant's counsel to tell her she would be able to meet for plaintiff's deposition at 9:00 a.m., on June 15, 2012, at the federal courthouse in Pine Bluff.  Plaintiff said she placed the letter in the mail and faxed it along with a employment records release to defendant's counsel.  Plaintiff says it was not until she got home on the evening of June 12, 2012, that she received a copy of the Court's June 1, 2012, denying her motion and ordering her to attend her scheduled June 5 deposition.

Defendant filed the motion before the Court on June 13, 2012, asking the Court to sanction plaintiff for not attending her deposition and providing the release and to dismiss plaintiff's complaint for lack of prosecution.  Plaintiff responded on June 25, 2012, with her own motion for sanctions.  Defendant filed a response on July 3, 2012, and plaintiff filed a reply to defendant's response on July 17, 2012.

Plaintiff did not appear for her deposition scheduled for June 5; she says she was not aware of the Court's June 1 ruling keeping the June 5 deposition in Pine Bluff as scheduled until June 12.  Plaintiff says she showed up for the appointment she unilaterally scheduled with

defendant's counsel on June 15, arriving at the federal courthouse at approximately 8:50 a.m.. "After inquiring about scheduling for the Court Rooms, she went to Simmons First National Bank building on Main Street in Pine Bluff," the site of her scheduled June 5 deposition, around 9:15 a.m. and remained until 10:00 a.m.  Pl's Br. in Supp. of Mot. [docket entry 58] at 4. Defendant's counsel was not available to take plaintiff's deposition on June 15, 2012, due to previously-planned out-of-town travels.

Pursuant to Fed.R.Civ.P. 37, the Court finds plaintiff fails to substantially justify her failure to appear at her June 5, 2012, deposition or to provide her employment records release and that sanctions are appropriate.  It is plaintiff's responsibility to monitor the progress of her case, including the disposition of the motion she filed to move her June 5 deposition to Desha County.  Further, this is not the first time plaintiff failed to show up for a scheduled deposition in this case. Plaintiff is ordered to reimburse defendant for the fees and costs associated with the scheduled June 5, 2012, deposition, including the filing of the motion for sanctions, in the amount of $2,289.17.  Failure to pay in a timely manner will result in dismissal of plaintiff's case.

IT IS THEREFORE ORDERED that defendant's motion [docket entry 53] is granted in part and denied in part.  Plaintiff must reimburse defendant $2,289.17 within twenty-one (21) days from the date of entry of this Order.  IT IS FURTHER ORDERED that plaintiff's motion [docket entry 57] is denied.

DATED this 24th day of July, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE